IN THE MATTER OF THE CONDEMNATION AND TAKING OF LANDS OF JOSEPH M. MITCHESON BY VENTNOR CITY, NEW JERSEY, APPELLANT.

Argued October 20, 1926—Decided January 31, 1927.

1. By section 26 of the Eminent Domain act (*Comp. Stat., p.* 2192), the right to hear and adjudge appeals from awards of commis-sioners in proceedings to condemn lands is clearly conferred upon the Circuit Courts, and the issues on appeal are to be tried in the same manner as other issues are tried in that court, and includes the power to grant or refuse a new trial, as the case may be.

2. The judicial action of a Circuit Court in a condemnation ap-peal in making absolute a rule to show cause for a new trial is not properly subject to an appeal, as making the rule absolute is not tantamount to a final judgment.

On appeal from the Atlantic County Circuit Court.

For the appellant, *John S. Westcott* (*Hiram Steelman,* of counsel).

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

Kalisch, J. The respondent, Mitcheson, was the owner of certain lands situate in Ventnor City. These lands were condemned by the city under the Eminent Domain act. 2 *Comp. Stat., p.* 2182. The respondent was dissatisfied with

the award of compensation allowed by the commissioners for the taking of his lands. . He appealed to the Atlantic County Circuit Court, and the cause came on for trial before Judge Schimpf, sitting with a jury. There was a verdict for the respondent, but he, being dissatisfied with the amount of the award fixed by the jury, applied to the Circuit Court to have the verdict set aside on the ground that it was inadequate. A rule to show cause was allowed to that end, and upon the return of the rule, counsel, on behalf of the appellant, challenged the jurisdictional power of the court to grant a new trial. The challenge was overruled, and the verdict was set aside on the ground of inadequacy and a new trial ordered. From this judicial action Ventnor City takes this appeal. In support of this appeal it is argued that the Circuit Court was without jurisdiction to interfere with the verdict. But the precedents in this state are against this contention. In *Somerville and Easton Railroad* v. *Doughty,* 22 *N. J. L.* 497, a rule to show cause was allowed why the verdict should not be set aside. In *Cadmus* v. *Central Railroad Company,* 31 *Id.* 179, the verdict was set aside on a rule to show cause. Both of these cases are authority for the practice pursued in the present case.

Moreover, section 26 of the Eminent Domain act (2 *Comp. Stat., p.* 2192), after providing for an appeal, declares: "Which proceeding shall vest in the Circuit Court full right and power to hear and adjudge the same and to direct a proper issue for the trial of said controversy to be formed between said parties, and to order a jury to be struck, which, upon demand of either party, shall be a foreign jury, and a view of premises to be had; and the said issue to be tried at such time as the court shall order upon the like notice and in the same manner as other issues in the said court are tried."

The language of this section is too clear to admit of the shadow of a doubt, respecting its import, and even taking the language employed in its strictest sense, it clearly confers upon the Circuit Court to hear and adjudge the appeal and the issue to be tried in the same manner as other issues in

the said court are tried. This can properly bear no other interpretation than that the appeal provided for is to be heard, tried and determined according to the course of the common law.

Although the question raised involved the jurisdiction of the Circuit Court to grant a new trial in the case brought here for review, the matter being before the court below on a rule to show cause, the judicial action of the court in making the rule absolute is not properly subject to an appeal. The underlying reason is that the making of the rule absolute was not tantamount to a final judgment, and only a final judgment may by our constitution be brought by appeal to this court. *Eames* v. *Stiles,* 31 *N. J. L.* 490, 494; *Defiance Trust Co.* v. *Fox,* 76 *Id.* 482; *McAdams* v. *Mundy,* 79 *Id.* 480; *Knight* v. *Cape May Sand Co.,* 83 *Id.* 597.

The appeal is dismissed, with costs.